UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WARREN BAXTAR HEATH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-471-JD-MGG |
| MOREY, et al., | |
| Defendants. | |

OPINION AND ORDER

Warren Baxtar Heath, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Heath alleges various employees and officials at the St. Joseph County Jail violated the Health Insurance Portability and Accountability Act (HIPPA) by "interfering and interrupting" his medical care. ECF 9 at 3. Specifically, he alleges on March 30, 2022, C.O. Morey interrupted his medical screening "by rushing me and telling how to answer the nurse with derogatory language." *Id*. Heath claims the nurse told C.O. Morey that such interference violated HIPPA and that he should remove

himself. C.O. Morey moved farther away but was still within earshot, and he "continued to interrupt my private medical screening line of questions." *Id*. C.O. Morey threatened Heath by urging him to finish the screening quickly. After Heath was placed in a holding cell, C.O. Morey "began to talk about my case and medical history out loud" in front of other inmates and officers. *Id*. at 4.[1]

On June 28, 2022, C.O. Donley "refuse[d] to excuse himself" during Heath's eye exam while the doctor was "giving me a medical private screening about my eye medical history." *Id*. at 5. Heath claims he did not continue his exam due to C.O. Donley's presence even though he needs glasses.

On July 7, 2022, C.O. Heath "refuse[d] to remove himself from my suppose[d] to be private doctor's appointment medical screening after I informed him he was violating my HIPPA Act." *Id*. C.O. Heath promised Heath he wouldn't disclose his medical information to anyone but insisted he had to remain in the room due to the Warden's policies.

On July 27, 2022, C.O. Rose was right beside him while he was completing his "suppose[d] to be private psychiatric evaluation on a tablet" and listened to his conversation with the doctor. *Id*.

On August 1, 2022, C.O. Hartman "was standing with my doctor listening to every word" during a medical screening. On August 3, 2022, C.O. Francis did the same.

---

[1] He also alleges that he is now being charged for medication and medical care due to the rushed screening.

2

According to Heath, Captain Zatakawoski and Lieutenant 1316 are liable because they denied all of his grievances related to the alleged HIPPA violations. Warden Olmstead is liable because he makes rules and policies that allow officers to remain in the room during medical examinations which creates the alleged HIPPA violations. Heath seeks monetary damages from each defendant and a "rule change" related to the aforementioned policies.

"HIPAA prohibits the disclosure of medical records without the patient's consent. *See* 42 U.S.C. §§ 1320d–1 to d–7. But nowhere does the statute expressly create a private right of action to enforce this substantive prohibition." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). "By prohibiting the disclosure of sensitive information, the statute imposes obligations on medical professionals charged with protecting the information without conferring individual privacy rights." *Id*. The Seventh Circuit has specifically held that "HIPAA confers no private right of action." *Id*. While medical professionals are "bound by the statute's disclosure prohibitions and confidentiality requirements," the enforcement for violations is the job of the Department of Health and Human Services and not private plaintiffs. *Id*.

Heath does not allege the medical professionals[2] charged with his care disclosed specific, private medical information to any of the defendants. Rather, he alleges the defendants were simply present for routine medical screenings and examinations. More importantly, even if they had disclosed such information, these allegations would not

---

[2] He does not name any of the medical professionals as defendants.

3

state a claim under HIPPA because it does not confer a private right of action on Heath. *See Stewart*, 940 F.3d at 1015.³

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on August 30, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

³ Moreover, although Heath has not invoked the Fourteenth Amendment's general right to privacy, his complaint does not state a claim even if he had. The Seventh Circuit has noted that prisoners "at best have very limited privacy rights . . ." and has "not previously held in a published opinion that they enjoy a constitutional right to privacy in their medical information." *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 719 (7th Cir. 2004) (citing *Anderson v. Romero*, 72 F.3d 518, 522–23 (7th Cir. 1995)). Other circuits that have recognized such a right did so only in "instances that involved the purposeful dissemination of intensely private medical information." *Id*. "[S]emi-public discussion" of "fairly pedestrian maladies" such as sores, diabetes, the need for eyeglasses, and standard medical treatment in front of staff members, is a "sort of general indiscretion" that does not violate the constitution. *Id*. Here, Heath has described exactly the type of general indiscretion regarding routine medical care that *Franklin* regarded as non-actionable—in short, he takes issue with the mere presence of the staff during his medical encounters, which does not violate the Constitution. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (a plaintiff can plead himself out of court if he pleads facts that preclude relief); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (same).